**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 98-20280
Summary Calendar**

_____

**SHIRLEY J. LEWIS,**

**Plaintiff-Appellant,**

**versus**

**THE CITY OF HOUSTON; THE CITY
OF HOUSTON POLICE DEPARTMENT,**

**Defendants-Appellees,**

---

**Appeal from the United States District Court
for the Southern District of Texas
USDC No.CA-H-96-4240**

---

October 27, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Shirley J. Lewis, _pro se_, appeals the summary judgment granted the City of Houston, dismissing her claims under the Americans with Disabilities Act (ADA). We **AFFIRM**.

Lewis, who was employed by the City as a senior data entry operator, was diagnosed with systemic lupus erythematosus in the early 1990s; her last day at work was 27 February 1994. She

---

[*]  Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

applied for long term disability benefits (LTD) on 15 August 1994.

On 3 November 1995, Lewis filed a charge of discrimination under the ADA with the Equal Employment Opportunity Commission. The City terminated Lewis's employee benefits on 1 October 1996.

The City moved for summary judgment, asserting that Lewis's claims of harassment and refusal to accommodate were time barred; and that Lewis was estopped from claiming she was a "qualified individual" under the ADA, because of her representations on applications for LTD and Social Security Disability that she is totally disabled. Summary judgment was granted for the City.

Lewis maintains that the district court erred in finding that her claims were time barred because there was continuing discrimination; and that material fact issues exist.

Of course, we review a summary judgment *de novo*, applying the same standard as the district court. E.g., **Freeman v. County of Bexar**, 142 F.3d 848, 850 (5th Cir. 1998). Summary judgment is proper where there is no material fact issue and the movant is entitled to judgment as a matter of law. **Id.**; *see* FED. R. CIV. P. 56(c).

Having reviewed the record and the briefs, we **AFFIRM** the summary judgment for essentially the reasons stated by the district court. *See* **Lewis v. City of Houston**, No. 4:96-CV-04240, slip op. at 3-6 (S.D. Tex. Feb. 19, 1997).

***AFFIRMED***